IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSEPH ALEXANDER,

      Plaintiff,

v.                                                                                                        No. 1:26-cv-00142-SCY

DAWN HILL-KEARSE and
SERGIO JIMENEZ,

      Defendants.

**ORDER TO CURE DEFICIENCY**
**AND ORDER FOR AMENDED COMPLAINT**

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Complaint, Doc. 1, filed January 23, 2026, and Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form), Doc. 2, filed January 23, 2026 ("Short Form Application").

**Order to Cure Deficiency**

Plaintiff filed a motion to proceed *in forma pauperis* using a Short Form Application. The Short Form Application does not provide sufficient information for the Court to determine whether a plaintiff is unable to pay the required fees. The Court requires plaintiffs seeking to proceed without prepaying fees to file the Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) ("Long Form Application"). The Court Orders Plaintiff to file a Long Form Application. Failure to file a Long Form Application within twenty-one (21) days from entry of this Order *or* failure to follow all instructions in the Long Form Application may result in denial of the motion to proceed *in forma pauperis.*

**Order for Amended Complaint**

The only allegations in the Complaint state:

> 1. Upon information and belief, Defendants conspired together and intentionally delayed the calendar of motions, in violation of due process,
>
> 2. The basis for this court's jurisdiction is federal law.

Complaint at 1.

The Complaint fails to state a claim upon which relief can be granted. "[T]o state a claim in federal court, a complaint must explain what *each* defendant did to him or her; when [*each*] defendant did it; how [*each*] defendant's action harmed him or her; and, what specific legal right the plaintiff believes [*each*] defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) (emphasis added).

The Court orders Plaintiff to file an amended complaint. The amended complaint must state where the events or omissions giving rise to Plaintiff's claims occurred, must state where each Defendant resides and must identify the court where Defendants "intentionally delayed the calendar of motions," provide the case name and number and a copy of the operative complaint in that case. The amended complaint must also comply with the Federal and Local Rules of Civil Procedure. *See*, *for example*, Fed. R. Civ. P. 8(a) (a complaint must contain a short and plain statement of the grounds for the Court's jurisdiction, a short and plain statement of the claims showing that Plaintiff is entitled to relief, and a demand for the relief sought); Fed. R. Civ. P. 10(b) ("A party must state its claims or defenses in numbered paragraphs").

**Case Management**

> Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys. It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (October 2022).  The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website:  http://www.nmd.uscourts.gov.

Failure to comply with Court Orders and the Federal and Local Rules of Civil Procedure interferes with the judicial process and may result in monetary and non-monetary sanctions including filing restrictions and dismissal of this case.  *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action"); *Gustafson v. Luke*, 696 Fed.Appx. 352, 354 (10th Cir. 2017) ("Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders.") (quoting *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)).

**Compliance with Rule 11**

The Court reminds Plaintiff of his obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure.  *See Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008) ("*Pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure.").  Rule 11(b) provides:

> **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

**(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

**(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). Failure to comply with the requirements of Rule 11 may subject Plaintiff to sanctions, including monetary penalties and nonmonetary directives. *See* Fed. R. Civ. P. 11(c).

**IT IS ORDERED** that:

(i) Plaintiff shall, within 21 days of entry of this Order, file an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form). Failure to timely file a Long Form Application, *or* failure to follow all instructions in the Long Form Application, may result in may result in denial of the motion to proceed *in forma pauperis*.

(ii) The Clerk shall send to Plaintiff a copy of this Order and an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form).

(iii) Plaintiff shall, within 21 days of entry of this Order, file an amended complaint. Failure to timely file an amended complaint may result in dismissal of this case.

*[Signature]*
**UNITED STATES MAGISTRATE JUDGE**